**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Viveros,<br><br>        Plaintiff,<br><br>v.<br><br>Suzuki Motor of America Incorporated, et al.,<br><br>        Defendants. | No. CV-19-02248-PHX-MTL<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (Doc. 9) filed by Defendant Suzuki Motor of America Incorporated ("SMAI"). Plaintiff has not responded. For the following reasons, the motion to dismiss Plaintiff's claims against SMAI with prejudice is granted.

Defendant SMAI filed its Motion to Dismiss on April 12, 2019 (Doc. 9). Plaintiff received the Motion to Dismiss and moved for two extensions of time to file his response (Doc. 10, Doc. 12). The Court granted Plaintiff's Motions for Extension of Time. (Doc. 11, Doc. 13). Plaintiff's response to SMAI's Motion to Dismiss was due June 7, 2019 (Doc. 13). Plaintiff did not file a response and the time to do so has long since passed.

Under LRCiv 7.2(i), if a party "does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Failure to follow a district court's local rules is proper ground for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before the Court considers whether to grant

dismissal for failure to comply with LRCiv 7.2(i), however, it "is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Id.*, *citing Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The first two factors favor dismissal as a sanction in most cases, while the fourth factor cuts against it. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Therefore, "[t]he key factors are prejudice and the availability of lesser sanctions." *Id*.

Considering the *Ghazali* factors, the Court finds that dismissal with prejudice is the appropriate sanction. As noted in *Wanderer*, the first two *Ghazali* factors—expeditious resolution and docket management—generally favor dismissal. *Wanderer*, 910 F.2d at 656. This case is no different. In *Ghazali*, the Ninth Circuit Court of Appeals upheld summary dismissal of a 42 U.S.C. § 1983 action where the *pro se* plaintiff violated a Nevada district court local rule by failing to respond to the defendant's motion to dismiss. *Ghazali*, 46 F.3d at 53. The Court of Appeals upheld the district court's dismissal order because it reasoned that the *pro se* plaintiff was given notice of the motion and had ample time to respond. *Id*. at 54.

Here (unlike the plaintiff in *Ghazali*), Plaintiff is represented by counsel. Plaintiff was given ample time to respond to the Motion to Dismiss, including two filing extensions, but did not respond or provide any reasons for his failure to do so. Because Plaintiff failed to respond to a dispositive motion, *Ghazali* factors one and two weigh especially in favor of dismissal.

The third *Ghazali* factor—risk of prejudice to defendants—also weighs in favor of dismissal. In determining whether a defendant has been prejudiced, the Court examines "whether the plaintiff's actions impair the defendant's ability to go trial or threaten to interfere with the rightful decision on the case." *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). A presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West, Inc.*, 542

F.2d 522, 524 (9th Cir. 1976). In this case, Plaintiff's unreasonable delay raises a presumption of prejudice to Defendant SMAI. This factor, therefore, favors dismissal.

Although the fourth *Ghazali* factor, which is the public policy favoring disposition on the merits, weighs against dismissal—it is no more compelling here than it was in *Ghazali*. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Accordingly, this factor weighs only slightly against dismissal.

Lastly, the final *Ghazali* factor requires the Court to consider the availability of less drastic sanctions. Defendant SMAI has moved for the Court to dismiss with prejudice Plaintiff's claims against SMAI. The Court could grant the motion without prejudice as a less drastic sanction. But here, (1) Plaintiff, who is represented by counsel, was aware of the response deadline and had ample time to contact the court, and (2) Plaintiff, despite being granted two time extensions, failed to file a responsive brief. Therefore, weighing this last factor, the Court finds that dismissal with prejudice is the most acceptable sanction in this case.

Because Plaintiff failed to respond to Defendant SMAI's Motion to Dismiss, the Court will construe this as consent to granting the motion.

In light of the foregoing,

**IT IS HEREBY ORDERED GRANTING** Defendant SMAI's Motion to Dismiss (Doc. 9) with prejudice Plaintiff's claims against SMAI.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause *in writing* no later than October 9, 2019, why the Court should not dismiss the action without prejudice against Defendant C&W Motors Incorporated, d/b/a Ridenow Powersports Goodyear, for Plaintiff's failure to serve Defendant C&W Motors, Inc., in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 25th day of September, 2019.

Michael T. Liburdi
United States District Judge